IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SHERVIS RAMAR SMITH,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   Case No. 13-2247-RDR
                                  )
                                  )
SWIFT TRANSPORTATION CO. INC.     )
          Defendant.              )
```

MEMORANDUM AND ORDER

This is an employment action brought by the plaintiff, proceeding pro se, against his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is presently before the court upon defendant's motion to dismiss. The defendant contends that the court should dismiss plaintiff's complaint for (1) failure to comply with the court's orders of October 7, 2013 and January 14, 2014; and (2) failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).[1]

---

[1] Following the filing of the defendant's reply, plaintiff filed another document entitled "Plaintiff's Response to 2nd Motions to Dismiss (NO)!" The court must construe this as a surreply. The local rules of this court contemplate only the filing of responses and replies to motions. They do not contemplate the filing of surreplies. See D.Kan. Rule 7.1(c). Surreplies are disfavored and will only be permitted in exceptional circumstances, such as when new material is raised for the first time in the movant's reply. See Locke v. Grady Cnty., 437 F. App'x 626, 633 (10th Cir. 2011); Drake v. Cox

1

I.

The history of this case is extensive, even though the case has not proceeded beyond the complaint stage. Plaintiff, proceeding pro se, filed this action on May 23, 2013. He later filed an amended complaint on July 11, 2013. The amended complaint was 120 pages. The discrimination claims asserted were vague and some were incomprehensible. In an order issued on October 7, 2013, the court reviewed the complaint and the accompanying documents as follows:

> In the form provided by the court, plaintiff indicates that the "discrimination" occurred from October 2010 to May 2013. He has further indicated that the nature of the case is "mistaken identity." He suggests that he has been subjected to "sexual harassment and defamation of character." In the section requesting the essential facts of his claim, he has stated:
>> "Ramona Robertson went out of her way to help me obtain my job at SWIFT Transportation under the impression I was my older brother Anthony Smith, who's in the entertainment business around the Metro Area. Every since she learn I wasn't him, I been put threw (sic) hell! From her and co-workers labeling me as a St. Thug and such. Not only that; she turn out to be related to my sons mother; now Ramona has slandered my name threwout (sic) her co-workers."

```
Commc'ns, Inc., 2011 WL 2680688 at *5 (D.Kan. July 7, 2011).
Plaintiff has not pointed to any new material raised in
defendant's reply brief or any other exceptional circumstances
that would justify a surreply.  Accordingly, the court shall not
consider the matters raised in plaintiff's surreply.  Even if the
court were to consider this material, we would not find that it
changes the decision reached in this memorandum and order.
```

In an attached charge of discrimination filed with the Kansas Human Rights Commission on April 24, 2013, plaintiff indicated that he was rehired on or about September 12, 2012, and he currently works as an owner/operator. He states that during his employment he was subjected to adverse term and conditions including but not limited to being addressed by managers as a "street thug" and "gang member." He notes that "generally" his managers do not treat him with respect. He contends that the actions of Swift Transportation were taken because of his race, black, and his sex, male.

The other documents before the court indicate that plaintiff was hired by Swift on October 13, 2010 as a driver. He was terminated on April 12, 2011. He was later rehired. On December 4, 2012, plaintiff entered into a Contractor Agreement with Swift, thus becoming an owner-operator truck driver. In the agreement, the parties agreed to "conclusive and binding" arbitration of "[a]ll disputes arising under, arising out of or relating to this Agreement. . ., and any disputes arising out of or relating to the relationship created by this Agreement, including any claims or disputes arising under or relating to any state or federal laws, statutes or regulations. . .in accordance with Arizona's Arbitration Act and/or the Federal Arbitration Act."

In that order, the court granted defendant's motion to compel arbitration in part and denied it in part. The court stayed the action pending the resolution of the arbitration proceedings for all claims asserted by plaintiff arising after December 4, 2012. The court denied defendant's motion to dismiss for improper venue and granted the defendant's motion for a more definite statement in part. In granting the motion for more definite statement, the court found that framing a response to the plaintiff's complaint would be "extremely difficult." The court noted that plaintiff's claims were "difficult to discern." The court stated that plaintiff should focus on the claims that occurred prior to December 4, 2012. Plaintiff responded

with a second amended complaint and defendant again sought a more definite statement. The court again granted the defendant's motion. The court once again found that plaintiff's complaint remained deficient. The court stated:

> The court is in agreement with the arguments raised by the defendant. The amended complaint is a mishmash of various allegations and complaints by plaintiff. He has not followed the guidelines established by the court in our earlier order. The court will give plaintiff one more chance to repair his amended complaint. Once again, the court expects plaintiff to comply with the guidelines set forth by the court in the earlier order. Failure to do so may result in the dismissal of these claims.

Plaintiff then filed his third amended complaint. The filing of this complaint led to the filing of the instant motion.

II.

The defendant initially argues that the court should dismiss this action for plaintiff's failure to plead with the specificity ordered by the court in its prior orders. The defendant notes that plaintiff has identified two forms of sexual harassment in this complaint, quid pro quo and hostile work environment, but has failed to "identify a single fact to support such claims." The defendant also asserts, in the alternative, that the court should dismiss this action for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The defendant argues that plaintiff's third amended complaint does not plead facts sufficient to make a plausible claim for sexual harassment under either the quid pro quo or hostile work

4

environment theories.

III.

The court will turn its attention to the defendant's alternative motion to dismiss for failure to state a claim upon which relief can be granted. The court believes that this is proper approach since plaintiff has made efforts to comply with the court's prior orders.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and

common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Allegations that merely state legal conclusions, however, need not be accepted as true. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint alleging employment-based discrimination, retaliation or harassment under Title VII must "make at least minimal factual allegations on every element" of the claim. Sims v. Wyandotte Co./Kansas City, Kan., 120 F.Supp.2d 938, 967 (D.Kan. 2000). Vague references to discrimination, retaliation or harassment without any indication that the alleged misconduct was motivated by gender or another category protected by Title VII will be insufficient to support an employment-based claim. See Anderson v. Academy School Dist. 20, 122 Fed.Appx. 912, 916 (10th Cir. 2004).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## IV.

In his third amended complaint, plaintiff appears to only be asserting a claim of a hostile work environment under Title VII since it is titled "Tittle (sic) VII Hostile work environment." In accordance with prior complaints, plaintiff alleges that he was mistreated by Ramona Robertson when he was hired by the defendant. Plaintiff contends that Ms. Robertson began mistreating him when she discovered that he was not his older brother. Plaintiff asserts that once she made this discovery, she began calling him a "street thug" and "created a hostile work environment." Apparently others, including several male supervisors, also referred to him as a "street thug" following a termination and a rehire.

An employee may assert two theories under Title VII: disparate treatment and hostile work environment. To prove a disparate treatment claim, plaintiff must show he suffered an adverse employment action because of his sex. Orr v. City of Albuquerque, 417 F.3d 1144, 1149 (10th Cir. 2005). Sexual harassment may come in the form of quid pro quo or a hostile work environment. Hicks v. Gates Rubber Co., 833 F.2d 1406, 1413 (10th Cir. 1987). "Quid pro quo harassment occurs when

submission to sexual conduct is made a condition of concrete employment benefits." Id. Plaintiff can establish a claim of hostile work environment based on unlawful sex discrimination by showing (1) that he was discriminated because of his sex; and (2) that the discrimination was sufficiently severe or pervasive so as to alter his conditions of employment. Morris v. City of Colo. Springs, 666 F.3d 654, 664 (10th Cir. 2012). To establish a hostile work environment claim, plaintiff must show that the environment was both "objectively and subjectively hostile or abusive." Id. (citation omitted).

The complaint does not clearly indicate that plaintiff was terminated or treated unfairly because of his sex. The complaint contains no allegations that support a claim of gender bias. Moreover, the complaint does not sufficiently state a claim of quid pro quo sexual harassment or a hostile work environment. The complaint is void of any allegations or facts that suggest that anyone demanded or even intimated that sexual conduct was a condition of some employment benefit. As a result, plaintiff has not stated a claim of quid pro quo harassment. He has also not adequately stated allegations of a hostile work environment. His complaint contains no allegations that any action was taken against him because of his gender. He has clearly stated that Ms. Robertson took her actions because of a case of "mistaken identity." Such a situation, even if it results in unfair treatment,

8

does not constitute a "sexually" hostile work environment. There is simply no showing that any actions were taken against the plaintiff because of his gender, as required by Title VII. From the outset, it has been clear to the court that plaintiff misunderstands the requirements for a lawsuit alleging "discrimination." The court has patiently attempted to provide plaintiff with several opportunities to state a discrimination claim, but he has ultimately failed to do so. As a result, the court shall grant defendant's motion as it pertains to all claims made by plaintiff against the defendant for conduct that allegedly occurred prior to December 4, 2012.

V.

In the court's order of October 7, 2013, the court determined that all of plaintiff's claim that arose after December 4, 2012 are subject to arbitration. The court compelled plaintiff to pursue such claims in arbitration, and stayed such claims pending the resolution of arbitration. The court is unaware of any actions taken by plaintiff in pursuit of arbitration. The parties shall inform the court by March 28, 2014 whether plaintiff has made any efforts to pursue such claims in arbitration.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 37) be hereby granted. The court dismisses all claims asserted by plaintiff against the defendant that arose prior to December 4, 2012 for failure to state a claim upon

9

which relief can be granted.

IT IS FURTHER ORDERED that the parties shall inform the court on or before March 28, 2014, whether plaintiff has made any efforts to pursue his arbitration claims against the defendant that arose after December 4, 2012.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2014, at Topeka, Kansas.

 s/ Richard D. Rogers
Richard D. Rogers
United States District Judge